UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x

ROSEMARY MASCIA,                             CIVIL ACTION
       Plaintiff,

  v.                                         CASE NO.: 3:08cv1173 (JCH)

NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK,                    SEPTEMBER 3, 2008

       Defendant.

---------------------------------x

## ANSWER

Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), by way of Answer to plaintiff's Complaint, says:

**PARTIES AND JURISDICTION**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except admits that Amtrak is a corporation organized and existing by virtue of an Act of Congress and pursuant to the laws of the District of Columbia.

3. Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendant avers that Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

**FACTUAL ALLEGATIONS**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, except denies that the Amtrak train suddenly and without warning lurched forward with a significant amount of force.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any damages, losses, or injuries sustained by the plaintiff were caused by the acts and/or omissions of persons or entities other than this defendant and over whom this defendant exercised no control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against the answering defendant are barred, or alternatively, must be reduced by virtue of the doctrines of comparative negligence and/or contributory negligence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against the defendant are barred by the doctrines of claim preclusion, issue preclusion and/or judicial estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any claims which plaintiff may have against the defendants are barred by the doctrine of waiver.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risks of which she now complains.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are preempted by the Federal Railroad Safety Act, 49 U.S.C.A. §§ 20101, *et seq.*, the regulations promulgated thereunder, and applicable federal law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages must be reduced by the collateral source rule.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is time barred under the applicable statute of limitations.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves all rights to add additional affirmative defenses which may be ascertained in the course of discovery in

this action.

**WHEREFORE**, defendant demands judgment against plaintiff, dismissing the complaint and awarding its costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

### JURY DEMAND

Defendant hereby demands a trial by jury of all issues so triable.

        LANDMAN CORSI BALLAINE & FORD P.C.
        Attorneys for Defendant
        National Railroad Passenger Corporation

        */s/ Andrew B. Charkow*
        _____
        Andrew B. Charkow (ct 27303)
        LANDMAN CORSI BALLAINE & FORD P.C.
        Attorneys for Defendant National Railroad Passenger Corporation
        50 Union Avenue
        Union Station, 2nd floor
        New Haven, Connecticut 06519
        (203) 773-6031

        One Gateway Center
        Fourth Floor
        Newark, NJ 07102
        (973) 623-2700 (P)
        (973) 623-4496 (F)
        acharkow@lcbf.com

**CERTIFICATION PURSUANT TO RULE 11**

I hereby certify that the matter in controversy in this action is not now known to me to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant
National Railroad Passenger Corporation

_____
Andrew B. Charkow (ct 27303)
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant
National Railroad Passenger Corporation
50 Union Avenue
Union Station, 2nd floor
New Haven, Connecticut  06519
(203) 773-6031

One Gateway Center
Fourth Floor
Newark, NJ 07102
(973) 623-2700 (P)
(973) 623-4496 (F)
acharkow@lcbf.com