UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSEMARY MASCIA

CIVIL ACTION NO. 3:08-cv-01173 (JHC)

v.

NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK

APRIL 27, 2009

## RESPONSE OF PLAINTIFF'S COUNSEL
## RE: ORDER TO SHOW CAUSE DATED APRIL 22, 2009

The undersigned, counsel for the plaintiff, Rosemary Mascia, herewith submits his response to the Honorable Court's order to show cause why sanctions should not be imposed dated April 22, 2009 for failure to participate in (a) telephone conference of (scheduled for) April 21, 2009.

1) Counsel for the defendant had filed a motion to compel FRCP Rule 33 and 34 discovery compliance.

1

2) Counsel for the plaintiff, responded to defense counsel's motion on April 8, 2009 (see attached Exhibit "A"). In said response undersigned stated the reason for the delay in compliance, committed to a date by which compliance would be made and requesting that the (telephonic) status conference set down for April 10, 2009 be continued to another date due to scheduling conflict(s).

3) Subsequently the Court rescheduled the telephonic status conference to April 21, 2009.

4) On April 16, 2009 undersigned communicated with defense counsel (see Exhibit "B") advising him, *inter alia*, that discovery compliance was enroute to his office via Fed-Ex courier.

5) On April 21, 2009, undersigned received an email from defense counsel (see attached Exhibit "C") stating, inter alia, that "Amtrak did not receive response to Notice to Produce" and "As such, we would like to proceed with the scheduled telephone conference". It should be noted, that as to defense counsel's request to produce, undersigned provided (via Fed on April; 16, 2009) not only signed authorizations for all of plaintiff's care givers, but also at least one blank blanket authorization for such records.

2

Furthermore, undersigned provided defense counsel with one hundred twenty five (125) pages of medical and billing records relating to plaintiff's claim for injuries suffered (with additional production materials, to the extent they exist or are available, in the process of being compiled as supplementary production compliance). Defense counsel's email concluded with "Unless we hear from you, we will contact you to set up the telephone conference".

6) Upon receiving the aforesaid email, undersigned came to the realization that he had been previously committed (on April 7th) to appear as defense counsel before the Superior Court, State of Connecticut on a criminal matter involving serious allegations of assaulting a police officer, interfering with the police officer and other offenses in the afternoon (2pm docket) on April 21st. Undersigned immediately called defense counsel, Attorney Sullivan, to explain the circumstances and the likelihood of his (the undersigned) not being back to the office by 3:30 pm for the telephone conference. Attorney Sullivan agreed to contact chambers to request a rescheduling of the telephone conference. Furthermore, discussion was held relative to plaintiff's family circumstances (see Exhibit "B") and the need to file a motion requesting modification (enlargement) of times for completion of discovery compliance.

3

7) On April 22, 2009, undersigned received via email the Order to show cause in this matter.

8) On April 24th, the undersigned spoke with Attorney Sullivan, who informed me that he called Chambers on April 21st requesting that the subject telephone conference be rescheduled to another date. He added that the person he spoke to in Chambers was a clerk other than the one he had customarily dealt with in connection with this particular pending matter.

The undersigned respectfully submits his apologies to the Court. It was not his intention nor desire to be non-compliant with the Court's Order, being mindful of the limited time and resources available to the Court. It is the undersigned's every intention to be compliant with the Court's Orders and to be particularly attentive to such Orders as made so as to avoid imposition on the Court's time and the need to orderly administrate matters pending before it. A telephone conference has been scheduled for 3;00 pm on April 29th, 2009 and as such, the undersigned has cleared his docketed schedule for the purpose of participating in such conference without delay or interruption.

Wherefore, it is respectfully submitted to the Court that for the reasons set forth herein above, that sanctions not be imposed upon undersigned counsel.

Respectfully submitted;

By: _____
Alexander Scheirer, Esq.
The Alexander Scheirer Law Firm LLC
2519 Whitney Avenue
Hamden, CT. 06518
(203) 288-6955
FED BAR ID: ct02107

# THE ALEXANDER SCHEIRER LAW FIRM, LLC

2519 WHITNEY AVENUE
HAMDEN, CONNECTICUT 06518

ALEXANDER SCHEIRER

ROBERTA G. GELLER
OF COUNSEL

TELEPHONE: (203) 288-6955
FACSIMILE: (203) 288-9345

April 8, 2009

Kevin P. Sullivan, Esq.
Andrew B. Chakrow, Esq.
Landman, Corsi, Ballaine & Ford P.C.
One Gateway Center - Fourth Floor
Newark, New Jersey 07102-5311

In re:  Mascia v. National Railroad Passenger Corp.
U.S. District Court - District of Conn. Civil No. 3:08cv1173 (JCH)

Dear Attorney Sullivan;

The compliance which has been sought and is the subject matter of the motion to compel FRCP Rule 33 & 34 discovery requests is being finalized. It is my intention to have the discovery compliance completed and forwarded to your attention via Fed-Ex by Wednesday or at the latest on Thursday of next week.

Now as to the status conference called by Judge Hall for tomorrow (Thursday, April 10, 2009), apparently your office called my office yesterday to inquire about the status conference. My secretary replied that I had previously scheduled court commitments both criminal and civil for Thursday, April 9th, starting at 9:30 a.m. I spoke to one of the judge's clerks and related my circumstances (unavailability) for the telephonic status conference. I was advised that someone would call me back with another date or dates for the conference. As soon as I receive word from one of the clerk's assigned to Judge Hall, either I or a member of my office staff will contact you.

Please accept my apologies for causing any consternation on your part and the need to file the motion to compel. There were in fact a convergence of a number of circumstances beyond my control, including my having suffered a concussion in consequence of a fall down on ice. This resulted in striking my head with great force against (iced over) pavement. Between the need for neurological work ups, MRI of the brain, bed rest and in general, not feeling well at all for several weeks, there were some unforeseeable delays in processing work product.

Thank you for \your time, attention and thoughtful consideration.

Very truly yours;


Alexander Scheirer, Esq.

AS:ar

**EXHIBIT "A"**

# THE ALEXANDER SCHEIRER LAW FIRM, LLC

2519 WHITNEY AVENUE
HAMDEN, CONNECTICUT 06518

ALEXANDER SCHEIRER

ROBERTA G. GELLER
OF COUNSEL

TELEPHONE: (203) 288-6955
FACSIMILE: (203) 288-9345

April 16, 2009

Kevin P. Sullivan, Esq.
Andrew B. Chakrow, Esq.
Landman, Corsi, Ballaine & Ford P.C.
One Gateway Center - Fourth Floor
Newark, New Jersey 07102-5311

In re: Mascia v. National Railroad Passenger Corp.
U.S. District Court - District of Conn. Civil No. 3:08cv1173 (JCH)

Dear Attorney Sullivan;

The discovery materials are en route to your office for morning delivery via Fed-Ex, tracking number 8629 1493 2722.

As to the proposed deposition dates of May 6th or 7th, my client informed me this afternoon that her daughter, Rosemary Olson of Cape Coral, Florida was recently operated on and diagnosed with cancer. The pathology report indicating metastasis was received within the past twenty four hours and she is presently hospitalized (Lee Memorial) located in Fort Myer, Florida. Ms. Mascia, quite understandably, is very distraught and intends to travel to Florida to remain with her daughter, at least for the time being. As such, she was extremely reluctant to commit to an early May date at this point in time. I will make an effort to stay in touch with Ms. Mascia to determine her availability once she arrives in Florida. Thereafter I believe we will be in a better position to discuss date(s) which would be suitable for all concerned.

In this regard, I thank you for your understanding of Ms. Mascia's unfortunate and difficult circumstances.

As always, thank you for your time, attention and anticipated continued cooperation.

Thank you for your timely response.

Very truly yours;


Alexander Scheirer, Esq.

AS:ar

**EXHIBIT "B"**

## Main Identity

| | |
|---|---|
| **From:** | "Kevin Sullivan" <ksullivan@lcbf.com> |
| **To:** | "'Alexander Scheirer, Esq.'" <attyscheirer@sbcglobal.net> |
| **Cc:** | "Andrew Charkow" <acharkow@lcbf.com>; "Kevin Sullivan" <ksullivan@lcbf.com> |
| **Sent:** | Tuesday, April 21, 2009 12:07 PM |
| **Subject:** | RE: Mascia v. National Railroad |

Alex:

Amtrak did not receive responses to its Notice to Produce. In addition, in light of plaintiff's family medical issues, we may be able to conduct a discovery status conference and request the discovery extension during the conference. As such, we would like to proceed with the scheduled telephone conference. Please contact us to discuss prior to the scheduled 3:00 p.m. conference. Unless we hear from you, we will contact you to set up the phone conference. Thank you.

Kevin Sullivan, Esq.
Landman Corsi Ballaine & Ford P.C.

-----Original Message-----
**From:** Alexander Scheirer, Esq. [mailto:attyscheirer@sbcglobal.net]
**Sent:** Tuesday, April 21, 2009 11:21 AM
**To:** Kevin Sullivan
**Subject:** Mascia v. National Railroad

Kevin;

This is to acknowledge the receipt of your letter dated May 17th. I will draft and file the subject motion as you had proposed in your letter.

Also, is the telephonic conference on for today? I believe it is off. Last week was a busy court week and my secretary (who booked off for today) did not change the docket entry for the conference. Please advise.

Alex Scheirer

Landman Corsi Ballaine & Ford P.C. N.Y. 212 238-4800 N.J. 973 623-2700 P.A. 215 561-8540
NOTE: This message, and any attached files, may contain privileged or confidential information. It is intended for use only by the addressee(s). Any disclosure, copying or distribution of, or reliance upon, this message by anyone else is strictly prohibited. If you received this message in error, please notify the sender by reply e-mail message or by telephone to one of the numbers above.

**EXHIBIT "C"**

## CERTIFICATION

THIS HEREBY CERTIFIES that a copy of the foregoing was delivered via facsimile transmission (973.623.7000), email: ksullivan@lcbf.com and United States Mail, First Class, Postage Prepaid on this 28th day of April, 2009, to the following counsel of record:

Kevin B. Sullivan, Esq.   -   Counsel for the Defendant
Landman, Corsi, Ballaine & Ford, P.C.
One Gateway Center
Fourth Floor
Newark, NJ. 07102-5311

Andrew B. Charkow, Esq.   -   Counsel for the Defendant
Landman, Corsi, Ballaine & Ford, P.C.
One Gateway Center
Fourth Floor
Newark, NJ. 07102-5311

By: _____
Alexander Scheirer, Esq.
The Alexander Scheirer Law Firm LLC
2519 Whitney Avenue
Hamden, CT. 06518
(203) 288-6955
FED BAR ID: ct02107

6